1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SON KIM TRAN,<br><br>                    Petitioner,<br><br>        v.<br><br>WARDEN (ONLY SO-CALLED "AUTHORITY" UNDER ACT(S) OF FRAUD),<br><br>                    Respondent. | No. 2:23-cv-04984-JLS-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

## I.

## INTRODUCTION

On June 17, 2023,[1] Son Kim Tran ("Petitioner"), a state prisoner proceeding pro se, constructively filed a "Petition Under 28 U.S.C. § 2241 for

---

[1] Under the "mailbox rule," "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). In the absence of evidence to the contrary, courts have treated a petition as delivered to prison authorities on the date the petition is signed. In this case, the Petition reflects it was signed by Petitioner or June 17, 2023. Pet. at 17 (CM/ECF pagination is used herein for references to Petitioner's filings). The Court uses June 17, 2023, as the constructive filing date solely for the purposes of this Order.

Writ of Habeas Corpus by a Human in State Custody," with attachments. Dkt. 1 ("Pet." or "Petition"). Petitioner did not pay the required filing fee or seek leave to proceed in forma pauperis, but instead filed an "Objection to Filing Fee Obligation for 28 U.S.C. § 2241 Habeas Petition," arguing no such filing fee may be imposed for the filing of the Petition. Dkt. 3 ("Objection").

Petitioner purports to challenge his 2009 judgment of conviction entered in Orange County Superior Court, case number 09CF2429. Pet. at 1. On-line records for the California Court of Appeals, Fourth Appellate District and California Supreme Court reflect proceedings in those courts stemming from a direct appeal and petition for review, respectively, filed by Petitioner from the same underlying trial court case number. See Pet. at 1; Cal. Courts, Appellate Courts Case Information at https://appellatecases.courtinfo.ca.gov.[2] On-line records from the state court of appeal include an opinion, dated January 29, 2013, affirming Petitioner's convictions for kidnapping and assault with intent to commit rape and sentence of 55 years to life in state prison. Id. Records of the California Supreme Court reflect that Petitioner's subsequent petition for review was denied on April 17, 2013. Id.

The Court has reviewed the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") and finds that the Petition appears to suffer from at least two defects. The Court thus orders Petitioner to show cause why this action should not be dismissed for the reasons set forth below.

---

[2] Courts may take judicial notice of the existence of court filings and another court's orders. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

2

/ / /

## II.

## PETITIONER'S CLAIMS

1.      "The Trial Court lacked/lacks any and all jurisdiction and had no proof of such appearing on the record whatsoever." Pet. at 5.

2.      "Denial of due process," asserting "[s]upporting facts" as "[t]he trial court is no longer a constitutional court as provided by the common law, and therein, has/had intentionally deprived this petitioner of due process of law, a secured and guaranteed constitutional right." Pet. at 7.

3.      "Constitutional impermissible application of statute(s) imposed," asserting as "[s]upporting facts," "[t]he trial court, firstly had not proven its jurisdiction, let along proven such on the record as required by law, thus has not established that I may even be a party to any state constitution or liable to any law(s) made thereunder, nor had the court introduced into evidence that my legal true and proper name was expressly stated in the text(s) of any statute(s) for which the state had accused me of violating, nor had any evidence been introduced that there had been any contract, agreement, or document in existence, and therein imposed constitutional impermissible application of statute(s) and otherwise."  Pet. at 8.

4.      "Intentional misrepresentation of my private self." Pet. at 10.

5.      "Trial court imposed double jeopardy" in that it "imposed both a term of imprisonment as well as a monetary penalty, and for the same crime/case." Pet. at 12.

6.      "Fraudulent surety bond attachment(s)" in that it  the "trial court in its fraudulent practice in charging myself as a corporation then holding my body to pay for its revenue then upon conviction decisively and unbeknownst to myself at the time, upon conviction had fraudulently attached a surety bond on my person to pay investors, etc., I did not consent to be a bondsman nor

3

otherwise whatsoever." Pet. at 13.

## III.
## DISCUSSION

District courts are required to "promptly examine" all federal habeas petitions brought under 28 U.S.C. § 2254 and, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief," the "judge must dismiss the petition[.]" Habeas Rule 4; <u>Mayle v. Felix</u>, 545 U.S. 644, 656 (2005). A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. <u>See</u> Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254). Here, it plainly appears that the Petition suffers from several defects.

### A.    <u>The Petition Is Vague and Conclusory</u>

As an initial matter, the Petition is variously vague, incomplete, and unintelligible. Petitioner describes the length of his sentence as "Upon discharge of so-called public debt." Pet at 1. In listing the underlying crimes of conviction, Petitioner writes "ALL so-called 'crime' are COMMERCIAL CRIME! See, 27 CFR 72.11." Pet. at 1. Petitioner did not check any boxes or provide any information in the portion of the form that asks for information about direct appeal of the conviction. Pet. at 2. As to prior state court habeas proceedings, Petitioner only identifies a petition filed with the California Supreme Court on May 15, 2023, that was denied. Pet. at 3. When asked to explain why he did not appeal to the California Supreme Court, Petitioner wrote: "What was presented on conviction, and on direct (if any) were not I am wanting to address the court herein this petition; none of what I have presented herein has anything to do with what the court lawyer(s) had did on

any defense(s) and/or appeal(s)." Pet at 5. As described above, the six grounds for relief in the Petition are similarly unintelligible, wholly conclusory, and/or fail to set forth facts that point to a real possibility of constitutional error.

The Habeas Rules require a statement of all grounds for relief and the facts supporting each ground, and the petition should state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. See Habeas Rule 2(c); Habeas Rule 4, Advisory Committee Notes, 1976 Adoption; Felix, 545 U.S. at 655; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (as amended). Allegations in a petition that are vague, conclusory, palpably incredible, or unsupported by a statement of specific facts, are insufficient to warrant relief, and are subject to summary dismissal. See Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). The Petition falls far short of the minimal requirements to proceed and fails to state facts that point to the real possibility of constitutional error.

### B.   **The Petition Is Facially Untimely**

District courts are permitted to consider, sua sponte, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. Day v. McDonough, 547 U.S. 198, 209-10 (2006); Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012). Here, the Petition appears to be untimely.

Because the Petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), it is subject to the AEDPA's one-year statute of limitations, as set forth at 28 U.S.C. § 2244(d). See Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner does

1    not appear to contend that he is entitled to a later trigger date under 28 U.S.C.

2    § 2244(d)(1)(B)-(D), and the Court finds no basis for applying a later trigger

3    date. As such, Section 2244(d)(1)(A) governs in this case.

4         Petitioner alleges his judgment of conviction was entered in 2009. As

5    noted, the California Court of Appeal affirmed the judgment on January 29,

6    2013. The California Supreme Court denied Petitioner's petition for review on

7    April 17, 2013. Petitioner affirms he did not file a petition for certiorari with

8    the United States Supreme Court. Pet. at 3. As such, his judgment of

9    conviction became final on July 16, 2013. <u>See</u> Sup. Ct. R. 13.1 (requiring a

10   petition for a writ of certiorari be filed within 90 days after entry of a state

11   court judgment or an order declining discretionary review by a state court of

12   last resort); <u>Harris v. Carter</u>, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); <u>Bowen v.

13   Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The AEDPA's one-year

14   limitations period expired one year later on July 16, 2014. As noted, Petitioner

15   did not constructively file his Petition until June 18, 2023. Thus, absent tolling,

16   the Petition appears untimely.

17        The burden of demonstrating that the AEDPA's one-year limitations

18   period was sufficiently tolled, whether statutorily or equitably, rests with the

19   petitioner. <u>See, e.g.</u>, <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>Zepeda v.

20   Walker</u>, 581 F.3d 1013, 1019 (9th Cir. 2009); <u>Miranda v. Castro</u>, 292 F.3d

21   1063, 1065 (9th Cir. 2002). "A habeas petitioner is entitled to statutory tolling

22   of AEDPA's one-year statute of limitations while a 'properly filed application

23   for State post-conviction or other collateral review with respect to the pertinent

24   judgment or claim is pending.'" <u>Nedds v. Calderon</u>, 678 F.3d 777, 780 (9th

25   Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Statutory tolling does not extend

26   to the time between the date a judgment becomes final and the date the

27   petitioner files his first state collateral challenge because during that time there

28   is no case "pending." <u>See</u> <u>Cross v. Sisto</u>, 676 F.3d 1172, 1179 (9th Cir. 2012).

Once the limitations period lapsed, it cannot be reinitiated. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Here, the only state court collateral review proceedings alleged by Petitioner commenced in 2023, more than eight years after the limitations period expired. As such, Petitioner does not appear to be entitled to any statutory tolling.

In addition to statutory tolling, the AEDPA's one-year limitations period also is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 649 (2010). In order to be entitled to equitable tolling, the petitioner must show both that: (1) "he has been pursuing his rights diligently"; and (2) "'some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace, 544 U.S. at 418). The "threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation omitted). Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim. Thus, equitable tolling does not appear to render the Petition timely.

When asked to explain any basis why the one-year limitations period would not bar the claim, Petitioner wrote: "There is NO time limitations or limits on the attack of a void judgment nor when a court lacked/lacks jurisdiction in accordance with the law. [Citations]." However, Petitioner has not set forth any facts upon which a claim that the underlying judgment is "void" or was rendered by a court lacking in jurisdiction.

Facially, the Petition appears untimely.

## C.   The Petition Was Not Submitted on an Approved Form

The Petition was submitted on a form approved by this district. Rule 2(d) of the Habeas Rules authorizes district courts to require habeas petitions be

7

filed in a form prescribed by the Local Rules. This Court has such a Local Rule. <u>See</u> Local Rule 83-16.1 ("A petition for writ of habeas corpus . . . shall be submitted on the forms approved and supplied by the Court."). The Petition is subject to dismissal for failure to use a Court-approved form.

**D.   Petitioner Did Not Pay the Filing Fee or Seek Leave to Proceed In Forma Pauperis**

Fourth, Petitioner did not pay the $5 filing fee for a federal habeas petition (<u>see</u> 28 U.S.C. § 1914(a)) and did not alternatively seek leave to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915. Petitioner asserts he is not required to pay a filing fee. <u>See</u> Objection. However, none of the authority he cites supports his argument.

In order to proceed with the Petition, Petitioner must either pay the applicable filing fee or be granted leave to proceed IFP.

**IV.**

**CONCLUSION**

For the foregoing reasons, the Petition appears subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE, in writing, **by no later than 30 days from the date of this Order**, why this action should not be dismissed under Habeas Rule 4 for the reasons stated above. If Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely, and provide any available competent evidence that establishes the timeliness of this action.

<u>Alternatively</u>, Petitioner may file an amended petition **no later than 30 days of the date of this Order** to attempt to cure the above-referenced defects. <u>The Clerk is directed to send Petitioner a blank copy of the Central District habeas petition form for this purpose</u>. The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled

out completely, including naming the appropriate respondent. In ¶ 8 of the First Amended Petition, Petitioner should specify separately and concisely each federal constitutional claim that he seeks to raise and answer all of the questions pertaining to each such claim. By this Order, the Court makes no findings as to whether the Petition is wholly or partially unexhausted. If Petitioner contends that he exhausted his state remedies, he should list such filings in ¶¶ 4-6 of the habeas petition form. Petitioner should specify all of the grounds raised in such filings, along with the case number, the date of decision, and the result.

Regardless of which of the two foregoing options Petitioner chooses, he is further advised that if he does not pay the applicable $5 filing fee or file a compliant, fully supported IFP Request within 30 days from the date of this Order, the case may be dismissed. See Dkt. 2. The Clerk is directed to send Petitioner a form IFP Request by a person in custody.

Petitioner is cautioned that a failure to comply this Order in a timely fashion may result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b).


Dated: June 23, 2023


JOHN D. EARLY
United States Magistrate Judge